UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**KEITH DICICCO,**

    **Plaintiff,**

                                            Case No.:

vs.

**HOMOSASSA MARKETS, INC. d/b/a
HITCHCOCK'S MARKETS and,
GISELLE ALVAREZ, Individually,**

    **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEITH DICICCO, by and through his undersigned counsel, and sues Defendants, HOMOSASSA MARKETS, INC. d/b/a HITCHCOCK'S MARKETS and GISELLE ALVAREZ, Individually, and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1367.

2. Venue lies within United States District Court for the Northern District of Florida, Gainesville Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, KEITH DICICCO, is a resident of Citrus County, Florida.

4. At all times material hereto, Defendant, HOMOSASSA MARKETS, INC. d/b/a HITCHCOCK'S MARKETS and GISELLE ALVAREZ, is a Florida Profit Corporation, licensed and authorized to conduct business in the State of Florida.

5. At all times material hereto Defendant, GISELLE ALVAREZ, was an officer of the Defendant Corporation and had direct responsibility and control over the compensation paid to employees of the organization.

6. Defendant, HOMOSASSA MARKETS, INC. d/b/a HITCHCOCK'S MARKETS, is an employer as defined by the laws under which this action is brought.

## GENERAL ALLEGATIONS

7. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## FACTS

9. Plaintiff, KEITH DICICCO, was employed by Defendants from approximately 2020 to present.

10. During his employment from approximately February 12, 2022 to February 26, 2022, Plaintiff worked from home because he tested positive for Covid-19. During this time, Plaintiff continued scheduling orders, communicating with his Store Manager, coordinating deliveries, modifying the schedule and performing other tasks related to his position.

11. Defendants failed to compensate Plaintiff for the work he performed during this period. Plaintiff himself first requested payment directly from Defendants for this work. However, Defendants failed to pay Plaintiff.

12. After exhausting his own individual efforts to obtain payment, Plaintiff retained the undersigned counsel. After written demand from counsel, Defendants deposited the sum claimed via payroll deposit. In doing so however, Defendants improperly withheld payroll taxes from the amount designated liquidated damages, for which no payroll taxes are due.

13. Moreover, in directly depositing funds to Plaintiff via payroll and intentionally circumventing Plaintiff's counsel, Defendants failed to compensate Plaintiff for his reasonable attorneys' fees and costs, which Defendants remain liable for and are mandatory under the laws which this action is brought.

**COUNT I**
**(*Unpaid Wages, Section 448.08, Florida Statutes*)**

14. Plaintiff, KEITH DICICCO, realleges paragraphs one (1) through

3

thirteen (13) as though set forth fully herein.

15. Plaintiff earned wages over the course of his employment, which remain unpaid by Defendants. Specifically, Plaintiff performed work for Defendants from approximately February 12, 2022 to February 26, 2022 but was not compensated by Defendants for the work performed.

16. Defendants, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, have failed and refused to make payments as required by Chapter 448.08, Florida Statutes.

17. Plaintiff has retained undersigned counsel and is obligated to pay them a reasonable fee for their services.

**WHEREFORE**, Plaintiff, KEITH DICICCO, demands judgment against Defendants, HOMOSASSA MARKETS, INC. d/b/a HITCHCOCK'S MARKETS and GISELLE ALVAREZ, for back pay, interest, attorneys' fees and costs and for such other relief to which Plaintiff may be justly entitled.

### COUNT II
### (Fair Labor Standard Act - Overtime)

18. Plaintiff, KEITH DICICCO, realleges paragraphs one (1) through thirteen (13) as though set forth fully herein.

19. The employment of Plaintiff provided for a forty (40) hour work week

but throughout his respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

20. At all times material, Defendants failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate Plaintiff at the rate of time and one-half his regular rate of pay for the hours worked over forty (40) in a work week.

21. Defendants' failure to pay Plaintiff the required overtime pay was intentional and willful.

22. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, KEITH DICICCO, respectfully request all legal and equitable relief allowed by law including judgment against Defendants, HOMOSASSA MARKETS, INC. d/b/a HITCHCOCK'S MARKETS and GISELLE ALVAREZ, Individually, for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy and such other relief

as the court may deem just and proper.

## COUNT III
### (Fair Labor Standards Act - Minimum Wage)

23. Plaintiff re-alleges paragraphs one (1) through thirteen (13) as though set forth fully herein.

24. At all times material hereto, Plaintiff was paid a salary.

25. Plaintiff regularly made less than the minimum wage required to be paid to employees under the FLSA.

26. At all times material, Defendants, HOMOSASSA MARKETS, INC. d/b/a HITCHCOCK'S MARKETS and GISELLE ALVAREZ, Individually, failed to comply with the FLSA, in that Plaintiff should have been paid at no less than the minimum wage.

27. Defendants' failure to pay Plaintiff the required wage was intentional and willful.

28. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, KEITH DICICCO, prays for the following against Defendants, HOMOSASSA MARKETS, INC. d/b/a HITCHCOCK'S MARKETS and GISELLE ALVAREZ, Individually,

a. all legal and equitable relief allowed by law including judgment against Defendants for minimum wage compensation;

b. liquidated damages;

c. payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

d. such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

29. Plaintiff, KEITH DICICCO, requests a jury trial on all issues so triable.

Dated this 20th day of October, 2022.

> **FLORIN GRAY BOUZAS OWENS, LLC**
>
> */s/ Miguel Bouzas*_____
> **MIGUEL BOUZAS, ESQUIRE**
> Florida Bar No.: 48943
> miguel@fgbolaw.com
> **WOLFGANG M. FLORIN, ESQUIRE**
> Florida Bar No.: 907804
> wolfgang@fgbolaw.com
> 16524 Pointe Village Drive, Suite 100
> Lutz, FL 33558
> Telephone (727) 254-5255
> Facsimile (727) 483-7942
>
> *Trial Attorneys for Plaintiff*